## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

|  |  |
|---|---|
| **PIRAEUS BANK S.A.,** | * <br> * <br> * **CIVIL ACTION NO.:** <br> * |
| **PLAINTIFF,** | * **JUDGE:** <br> * |
| **v.** | * **MAGISTRATE JUDGE:** <br> * |
| ***M/V OMIROS L* (IMO# 9597393), her** <br> **engines, tackle, apparel, etc., *in rem*,** | * <br> * <br> * |
| **DEFENDANT.** | * <br> * <br> * |

## VERIFIED COMPLAINT

Plaintiff, Piraeus Bank S.A. ("Piraeus Bank"), files this Verified Complaint against defendant motor vessel *OMIROS L*, Official No. 16152 (the "Vessel"), her engines, tackle, boilers, appurtenances, etc., *in rem*, and alleges upon information and belief as follows:

## JURISDICTION – PARTIES

1.    This is a case within the admiralty and maritime jurisdiction of this Honorable Court within the meaning of 28 U.S.C. §1333, the Commercial Instruments and Maritime Lien Act ("CIMLA"), 46 U.S.C. §§ 31301-31343, and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (the

"Supplemental Rules"). This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.     Venue of this action is properly found in this Honorable Court pursuant to 28 U.S.C. § 1391(b).

3.     Plaintiff Piraeus Bank is a Greek banking *société anonyme*, having its registered office at 4 Amerikis Street, Athens, Greece, and its offices for shipping finance at the Shipping Centre, 47-49, Akti Miaouli Street, 185 36 Piraeus, Greece.

4.     The defendant Vessel is a commercial bulk carrier motor vessel of 229.02 meters in length registered in the name of Redship Ltd. (the "Owners") and documented under the laws and flag of the Republic of Liberia, with an Official Number of 16152 and an IMO Number of 9597393. The Vessel is now, or during the pendency of this action will be, within the jurisdiction of this Honorable Court.

## BACKGROUND

5.     Piraeus Bank acts as a lender to Owners as well as to five other Liberian companies (the "Affiliates"), each of which companies are a special purpose vehicle for the ownership of an individual vessel.

6.     On June 11, 2010, Piraeus Bank entered into a loan agreement with the Owners and certain of their Affiliates,[1] as joint and several co-borrowers which original said loan agreement

---

[1] The Affiliates are Prospership Ltd, Pinkship Ltd., Greenship Ltd., Kalliship Co. Ltd, and Panship Ltd. The first three Affiliates listed here were co-borrowers under Loan Agreement A along with Owners. The final two Affiliates listed were co-borrowers under Loan Agreement B, which obligation also was guaranteed by the initial four borrowers.

2

(the "Loan Agreement A") later was amended and supplemented by multiple supplemental agreements. This Loan Agreement A was for the purposes of part financing the newbuilding cost of the Vessel as well as vessels to be acquired by certain of the Owners' Affiliates/co-borrowers, and financed a potential collective total of initially up to $149,600,000. By virtue of subsequent amendments to the Loan Agreement A the loan was divided into two Advances (Advance A and Advance B).

7.    On September 27, 2013, Piraeus Bank entered into another loan agreement with certain other of the Owners' Affiliates (the "Loan Agreement B" and together with Loan Agreement A the "Loan Agreements" and each the "Loan Agreement"), which Loan Agreement B later was amended and supplemented by multiple supplemental agreements. This Loan Agreement B was for the purposes of refinancing previous finances to certain other Owners' Affiliates named therein as borrowers, and financed a collective total of up to $33,462,500. By virtue of subsequent amendments to the Loan Agreement B, the loan was divided into two Advances (Advance A and Advance B). Loan Agreement B was secured by a corporate guarantee provided by the Owners (amongst others) dated June 30, 2016 (the "Corporate Guarantee"). Under the Corporate Guarantee, Owners guaranteed to Piraeus Bank as primary obligor and not as surety only and waiving all the rights, exceptions and objections granted by any applicable law to the Owners, jointly and severally with any other guarantor, the borrowers' obligations under the Loan Agreement B.

3

8.     On October 4, 2013, Owners executed a First Preferred Liberian Ship Mortgage in favor of Piraeus Bank securing up to an amount of $127,520,000 of the financing that Piraeus Bank had provided to Owners and their Affiliates/co-borrowers relating to the Loan Agreement A (plus interest and cost and performance of the mortgage covenants) (the "First Mortgage"). Amongst other provisions, in the First Mortgage, Owners pledged the Vessel as security up to the amount of $127,520,000, for the finance provided by Piraeus Bank to Owners and its Affiliates/co-borrowers under the Loan Agreement A.

9.     On June 30, 2016, Owners executed a Second Preferred Liberian Ship Mortgage in favor of Piraeus Bank for the amount of up to $31,383,764.99, as collateral security pursuant to the Corporate Guarantee for the financing that Piraeus Bank had provided to the Owners' Affiliates who have entered as borrowers under the Loan Agreement B and remained outstanding under the Loan Agreement B (plus interest and cost and performance of the mortgage covenants) (the "Second Mortgage"). The First Mortgage and Second Mortgage will be referred to collectively as "the Mortgages," and the Loan Agreements, the Corporate Guarantee, and the Mortgages (including their amendments and supplements) will be referred to collectively as the "Loan Documents." Amongst other provisions, in the Second Mortgage Owners pledged the Vessel as security up to the amount of $31,383,764.99 for the finance provided by Piraeus Bank to Owners' Affiliates that entered the Loan Agreement B as borrowers and remaining outstanding under the Loan Agreement B (plus interest and cost and performance of the mortgage covenants).

4

10.    Piraeus Bank acted, *inter alia,* as lender to Owners and the Affiliates with full authority to enforce the provisions of the Mortgages.  True copies of the First and Second Mortgages are annexed as Exhibits 1 and 2, respectively.  The Mortgages gave plaintiff Piraeus Bank a security interest in the Vessel, in that the Vessel was collateral for the Piraeus Bank loans.

11.    As indicated by the Liberian Maritime Authority Certificate of Ownership and Encumbrance annexed as Exhibit 3, the First Mortgage was recorded with the Office of the Deputy Commissioner of Maritime Affairs of the Republic of Liberia on October 4, 2013.

12.    As indicated by the Liberian Maritime Authority Certificate of Ownership and Encumbrance annexed as Exhibit 3, the Second Mortgage was recorded with the Office of the Deputy Commissioner of Maritime Affairs of the Republic of Liberia on June 30, 2016.

13.    The Loan Agreements contemplated that respective borrowers would make installment loans over the course of the term of the loans, with the balance of the outstanding debt paid off by an agreed expiration date of the respective loan period.  After numerous supplements to both the Loan Agreement A and the Loan Agreement B, the final expiration (Final Maturity Date) of both Loan Agreements was March 31, 2026.

14.    On June 30, 2023, Piraeus Bank, and Owners entered into Amendment No. 4 to the First Mortgage ("First Mortgage Amendment No. 4"), by which amendment the interest rate was amended by replacing LIBOR (London InterBank Offered Rate) with SOFR (Secured Overnight Financing Rate) terms.  A true and correct copy of First Mortgage Amendment No. 4 is annexed as Exhibit 4.

5

15.     First Mortgage Amendment No. 4 is the most recent reiteration of the terms of the Piraeus Bank Loan Agreement A reflected by the First Mortgage.   When First Mortgage Amendment No. 4 was executed, the amount available under the Piraeus Bank Loan Agreement A to the Owners and its Affiliates as co-borrowers secured by the First Mortgage was $127,520,000, of which amount $104,438,349.99 was due and owing at that time.  *See* First Mortgage Amendment No. 4, Whereas Clause B.

16.     On June 30, 2023, Piraeus Bank, and Owners as corporate guarantor (amongst others) under the Corporate Guarantee and the Loan Agreement B entered into Amendment No. 2 to the Second Mortgage ("Second Mortgage Amendment No. 2"), by which amendment the interest rate was amended by replacing LIBOR (London InterBank Offered Rate) with SOFR (Secured Overnight Financing Rate) terms.   A true and correct copy of Second Mortgage Amendment No. 2 is annexed as Exhibit 5.

17.     Second Mortgage Amendment No. 2 is the most recent reiteration of the terms of the Piraeus Bank Loan Agreement B reflected by the Second Mortgage.  When Second Mortgage Amendment No. 2 was executed, the amount available under the Piraeus Bank Loan Agreement B to the Owners' Affiliates who entered into the said Loan Agreement B as borrowers and secured by the Second Mortgage was $33,462,500, of which amount $25,283,764.99 was due and owing at that time. *See* Second Mortgage Amendment No. 2, Whereas Clause B.

18.     Under Clause 8 ("Covenants-Undertakings of the Borrowers") of the Loan Agreements repeated in Whereas clause (viii) of the Mortgages, Owners were obligated to

6

"perform and observe the several covenants and obligations imposed upon it under the [Loan Documents]."

19.    Under Clause 9 ("Events of Default") of the Loan Agreements repeated in Whereas clause (ix) of the Mortgages, non-payment of "any amount payable pursuant to the [Loan Documents]" constitutes an Event of Default under the Loan Agreements.

20.    Under Clause 15 of the Loan Agreements repeated in Whereas clause (xv) of the Mortgages, Owners agreed to pay Piraeus Bank for any losses, damages, expenses and costs incurred by Piraeus Bank as a result of Owners' delays or defaults in paying sums payable, *inter alia*, under the Loan Agreements and/or the other Loan Documents:

> [Owners] shall on demand compensate [Piraeus Bank] for any loss, damage, expenses and costs (including legal fees) that [Piraeus Bank] may suffer as a result of (a) the delay or default in the payment of any sum payable under the Loan Agreement and/or the other Security Documents, or (b) the occurrence of any Event of Default . . . .

21.    Pursuant to Clause 1.3 of both First Mortgage Amendment No. 4 and Second Mortgage Amendment No. 2, Owners are obligated to pay default interest as such is calculated under the respective provisos of the Loan Agreement A and the Loan Agreement B (also as incorporated in the Mortgages as set forth in First Mortgage Amendment No. 4 and Second Mortgage Amendment No. 2), for each Advance thereof.

22.    On May 14, 2026, Piraeus Bank served to Owners and the Affiliates an Extrajudicial Reply-Protest-Invitation and Declaration, dated May 12, 2026, which notified Owners and the Affiliates (amongst other matters) that the loans provided to them by Piraeus Bank

7

under the Loan Agreements were terminated and set forth the amounts due and owing at that juncture to pay off the balance owed to Piraeus Bank <u>under each of the Loan Agreements</u> (the "Notice"). A true and correct copy of the Notice is annexed as Exhibit 6.

23.    On July 22, 2026, Piraeus Bank served to Owners and the Affiliates an Extrajudicial Declaration-Notification-Summons, dated July 17, 2026 <u>for each of the Loan Agreements</u> which anew notified Owners and the Affiliates that the loans provided to them by Piraeus Bank under the Loan Agreements were terminated and set forth the amounts due and owing at that juncture to pay off the balance owed to Piraeus Bank under each of the Loan Agreements (together the "Notification-Summons Notices"). True and correct copies of said Notification-Summons Notices are annexed as Exhibits 7 and 8.

24.    Despite the Loan Agreement A's and Loan Agreement B's terms having expired over three months ago and despite Piraeus Bank's notices to Owners and the Affiliates, neither the Owners nor the Affiliates have paid the amounts due and owing on the Final Maturity Date of both Loan Agreements as required under Clause 5.5 of the Loan Agreements, the Corporate Guarantee, the Mortgages and as agreed by Owners and the Affiliates.

25.    The aforementioned amounts due Piraeus Bank total to $44,824,306.22 (Advance A) and $45,385,747.08 (Advance B) under Loan Agreement A, as of July 15, 2026. Under First Mortgage Amendment No. 4, default interest will continue to accrue on these amounts at the default interest rate calculated as agreed in Loan Agreement A in respect of each of above claims, with semi-annual capitalization of interest.

8

26.     The aforementioned amounts due Piraeus Bank total $4,517,998.88 (Advance A) and $16,932,021.58 (Advance B) under Loan Agreement B, as of July 15, 2026. Under the Second Mortgage Amendment No. 2, default interest will continue to accrue on this amount at the default interest rate agreed in Loan Agreement B in respect of each of above claims, with semi-annual capitalization of interest.

## AS AND FOR A FIRST CAUSE OF ACTION

27.     Plaintiff Piraeus Bank repeats and realleges each and every statement and allegation contained in paragraphs 1 through 26 herein.

28.     Owners have breached the Loan Documents by failing to pay the amounts to Piraeus Bank by the expiration of the Piraeus Bank loan as required under the Loan Documents and as agreed by Owners.

29.     As a result of Owners' material breach of the Loan Documents, the entirety of the Loans, all interest accrued thereon, and all other amounts outstanding, now are due and payable, which amounts to 1) $44,824,306.22 (Advance A), and $45,385,747.08 (Advance B) under Loan Agreement A and 2) $4,517,998.88 (Advance A), and $16,932,021.58 (Advance B) under Loan Agreement B, as of July 15, 2026, for a collective total of $111,660,073.76.

30.     As agreed in the Loan Documents, interest on the amount owing by Owners will continue to accrue at the default interest rate agreed in each of the Advances of Loan Agreement A and Loan Agreement B as applicable in respect of each of our above claims with semi-annual capitalization of interest.

9

31.    As a result of Owners' aforementioned default, Owners also have caused plaintiff Piraeus Bank to incur attorneys' fees and expenses related to Piraeus Bank's exercising its rights under the Loan Documents, under which documents Piraeus Bank is entitled to recover its attorneys' fees and expenses.

32.    The Loan Agreements are governed by Greek Law and the Mortgages are subject to Liberian law.  Moreover, the Mortgages are registered in the Republic of Liberia.  Thus, in accordance with Fed. R. Civ. P. 44.1, Plaintiff hereby gives notice of its intent to rely on foreign law as necessary herein.

**WHEREFORE**, plaintiff Piraeus Bank prays as follows:

1.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against the Vessel, *in rem*, pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure;

2.    That notice of the commencement of this suit in manner approved by the Court be given to the owner, custodian, master or other ranking officer of the Motor Vessel *OMIROS L* and to any person, firm or corporation which has recorded a notice of claim of any undischarged lien upon the Vessel;

3.    That, pursuant to Rule C(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, this Honorable Court

enter an order authorizing a warrant for the arrest of the Vessel, her engines, machinery, masts, spares, rigging, boats, bunkers, electronics, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and other appurtenances to said Vessel appertaining or belonging whether now owned or hereafter acquired, whether on board or not, and all additions, improvements, renewals, and replacements made to said Vessel;

4.    That a warrant issue for the arrest of the Vessel, her engines, machinery, masts, spares, rigging, boats, bunkers, electronics, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and other appurtenances to said Vessel appertaining or belonging whether now owned or hereafter acquired, whether on board or not, and all additions, improvements, renewals, and replacements made to said Vessel;

5.    That judgment of condemnation and sale be entered against said Vessel, her engines, tackle, appurtenances, etc. and that the plaintiff Piraeus Bank's Mortgage be foreclosed;

6.    That Owners Redship Ltd., and all persons or entities claiming by, through or under them or any of them, subsequent to the commencement of the instant action, and every other person or entity whose right, title or interest in the Vessel was acquired subsequent or subsequently recorded thereto, be barred and forever foreclosed of any and all right, claim, lien, interest or equity of redemption of, in and to the Vessel;

11

7.      That the Vessel be sold and the proceeds of the Vessel be applied to costs and expenses associated with this action, and then applied to payment under the Loan Agreement and Mortgage, together with interest, attorneys' fees and expenses thereon, up to the time of payment; and

8.      That plaintiff Piraeus Bank receive such other and further relief as this Court may deem just and proper.

Dated:      July 23, 2026
            Birmingham, Alabama

                                        HOLLAND & KNIGHT LLP

                              By:       _____
                                        HOLLAND & KNIGHT LLP
                                        Jemison C. Jones
                                        1901 Sixth Avenue North, Suite 1400
                                        Birmingham, Alabama 35203
                                        Tel:  (205) 226-5700
                                        jc.jones@hklaw.com

                                        Michael J. Frevola (*pro hac vice* forthcoming)
                                        787 7th Avenue, 31st Floor
                                        New York, NY 10019
                                        Telephone: (212) 513-3516
                                        michael.frevola@hklaw.com

                                        *Attorneys for Plaintiff*
                                        *Piraeus Bank S.A.*

12

## VERIFICATION

I, Jemison C. Jones, declare in accordance with 28 U.S.C. § 1746 as follows:

1.      I am associated with the firm of Holland & Knight LLP, counsel for Piraeus Bank S.A., plaintiff in the foregoing action.

2.      I have read the foregoing Verified Complaint and know the contents thereof, and that the same are true and correct to the best of my knowledge.  I have reviewed documentation provided to me by representatives of Piraeus Bank S.A. and have conferred with representatives of Piraeus Bank S.A. regarding the facts alleged in the foregoing Verified Complaint.

3.      I am authorized by Piraeus Bank S.A. to make this Verification, and the reason for my making it as opposed to an officer or director of Piraeus Bank S.A. is that there are none within the jurisdiction of this Honorable Court.

Under penalty of perjury, I declare that I have read the foregoing document and that the facts stated in it are true as noted herein.

Executed at Birmingham, Alabama on July 23, 2026.

JEMISON C. JONES