# EXHIBIT 6



8735466

760577



**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ**
**ΥΠΟΥΡΓΕΙΟ ΔΙΚΑΙΟΣΥΝΗΣ**
**ΙΩΑΝΝΗΣ ΝΤΙΝΟΠΟΥΛΟΣ & ΣΥΝΕΡΓΑΤΕΣ ΑΣΤΙΚΗ ΕΤΑΙΡΕΙΑ ΔΙΚΑΣΤΙΚΩΝ ΕΠΙΜΕΛΗΤΩΝ**
Αστική Επαγγελματική Εταιρεία Δικαστικών Επιμελητών Εφετείου Αθηνών
Α.Φ.Μ. 997781204 - ΚΕ.ΦΟ.Δ.Ε. ΑΤΤΙΚΗΣ
Διεύθυνση: ΙΩΣΗΦ ΜΟΜΦΕΡΡΑΤΟΥ 136 - Τ.Κ. 11475 - ΑΘΗΝΑ - Τηλέφωνο: 2103613250 -
Email: info@ntinopoulos.gr

Α. Σύμφωνα: α) με το άρθρο 50 του ν.2318/1995, όπως αυτό τροποποιήθηκε με τον ν.4336/2015 και β) με την υπ'αριθμ.21798/11.3.2016 Κ.Υ.Α.– ΦΕΚ.709/Β/16.3.2016, περίπτωση ΣΤ': «Οι αμοιβές, με την επιφύλαξη του Ν.4270/2014 «Αρχές δημοσιονομικής διαχείρισης και εποπτείας – Δημόσιο Λογιστικό» (Α' 143) όπως τροποποιήθηκε και ισχύει, καθώς και του Ν. δ/τος 496/1974 (Α' 204) 'Περί Λογιστικού των Νομικών Προσώπων Δημοσίου Δικαίου», προεισπράττονται κατά το ήμισυ και το ποσό κάθε πράξης αναφέρεται στην πρώτη σελίδα της κάθε έκθεσης σε ευκρινές και διακριτό πλαίσιο».
Β. Η παρούσα αποτελεί φορολογικό στοιχείο και δεν απαιτείται η έκδοση άλλου παραστατικού, σύμφωνα με την υπ'αριθμ.1023/20.1.2014 ΠΟΛ. του Υπουργείου Οικονομικών. Αναγραφόμενο ποσό διαφορετικό της νόμιμης ανά ζώνη αμοιβής συνιστά πειθαρχικό – φορολογικό αδίκημα.

| ΖΩΝΗ ΕΠΙΔΟΣΗΣ | ΝΟΜΙΜΗ ΑΜΟΙΒΗ | Φ.Π.Α 24 % | ΣΥΝΟΛΟ |
|---|---|---|---|
| A | 35,00 € | 8,40 € | 43,40 € |

Αριθμός : 1334    Η

# ΕΚΘΕΣΗ ΕΠΙΔΟΣΗΣ

Στην Αθήνα σήμερα στις δεκατέσσερις (14) Μαίου του έτους δύο χιλιάδες είκοσι έξι (2026) ημέρα Πέμπτη και ώρα 15:15, εγώ Ο Δικαστικός Επιμελητής στο Εφετείο Αθηνών, ΣΠΥΡΟΣ ΠΑΝ. ΒΑΣΙΛΟΠΟΥΛΟΣ μέλος της Αστικής Εταιρείας Δικαστικών Επιμελητών με την επωνυμία «ΙΩΑΝΝΗΣ ΝΤΙΝΟΠΟΥΛΟΣ ΚΑΙ ΣΥΝΕΡΓΑΤΕΣ Α.Ε.Δ.Ε.», με ΑΦΜ 997781204 που εδρεύει στην Αθήνα, Ιωσήφ Μομφερράτου αρ. 136, ύστερα από έγγραφη παραγγελία **του ΑΘΑΝΑΣΟΠΟΥΛΟΥ ΠΑΝΑΓΙΩΤΗ εκπροσώπου της ανώνυμης τραπεζικής εταιρείας με την επωνυμία «ΤΡΑΠΕΖΑ ΠΕΙΡΑΙΩΣ Α.Ε.» με ΑΦΜ 996763330 που εδρεύει στην Αθήνα, οδός Αμερικής αριθ. 4 και εκπροσωπείται νόμιμα,**

ήρθα να επιδώσω στην **εταιρεία με την επωνυμία KYLA SHIPPING & TRADING CORP με ΑΦΜ 996998710, που εδρεύει στη Λιβερία, 80 Broad Street, Monsterrado Λιβερίας, City of Monrovia, πράγματι δε στη διεύθυνση Λεωφόρος Συγγρού 348, Καλλιθέα Αττικής με ΑΦΜ 996998710 και εκπροσωπείται νόμιμα δια λογαριασμό της καθώς και ως εκπρόσωπος των εταιρειών Λιβερίας 1) Kalliship Co Ltd, 2) Panship Ltd, 3) Dayton Maritime Corp., 4) Greenship, 5) Redship Ltd, 6) Pinkship Ltd, 7) Prospership Ltd,** προς γνώση και για κάθε νόμιμη συνέπεια, την από **12-05-2026 Εξώδικη Απάντηση, Διαμαρτυρία, Πρόσκληση και Δήλωση,** το περιεχόμενο της οποίας έχει ως εξής .







Ενώπιον παντός αρμοδίου Δικαστηρίου και Αρχής

Εξώδικη απάντηση, διαμαρτυρία, πρόσκληση και δήλωση

Της ανώνυμης τραπεζικής εταιρείας με την επωνυμία «ΤΡΑΠΕΖΑ ΠΕΙΡΑΙΩΣ ΑΕ», που εδρεύει στην Αθήνα, οδός Αμερικής, αριθμ. 4, όπως εκπροσωπείται νομίμως, ΑΦΜ 996763330 ΚΕ.ΦΟ.Δ.Ε. Αττικής

Προς

Της εταιρείας με την επωνυμία "KYLA SHIPPING & TRADING CORP.", η οποία εδρεύει κατά το καταστατικό της στη Λιβερία, 80 Broad Street, Montserrado Λιβερίας, City of Monrovia, πράγματι δε στην διεύθυνση Λεωφόρος Συγγρού 348, Καλλιθέα Αττικής όπου έχει εγκαταστήσει γραφείο σύμφωνα με τον νόμο 89/67, ως τροποποιηθείς ισχύει, όπως νόμιμα εκπροσωπείται, με ΑΦΜ 996998710 δια λογαριασμό της καθώς και ως εκπρόσωπος των εταιρειών Λιβερίας (1) Kalliship Co Ltd, (2) Panship Ltd., (3) Dayton Maritime Corp., (4) Greenship Ltd., (5) Redship Ltd., (5) Pinkship Ltd. καί (6) Prospership Ltd

---

Αρνούμαστε ως καθ' ολοκληρία ψευδή και εν ταυτώ ως νόμω και ουσία αβάσιμη την από 24.4.2026 επιστολή σας (και των εταιρειών Λιβερίας Kalliship Co Ltd, Panship Ltd., Dayton Maritime Corp., Greenship Ltd., Redship Ltd., Pinkship Ltd. καί Prospership Ltd) προς τη Διεύθυνση Ναυτιλιακής Χρηματοδότησης της Τράπεζας μας, την οποία εκλαμβάνουμε ως μέσο συναλλακτικά αήθους πίεσης, προκειμένου να εξυπηρετήσετε σκοπούς που εκφεύγουν των ορίων της χρηστής συναλλακτικής πρακτικής. Ειδικότερα, δια της εν λόγω επιστολής σας προβάλλετε αβάσιμους ισχυρισμούς περί δήθεν ανάθεσης, «εν αγνοία σας», σε τρίτους/μεσίτες της αναζήτησης πιθανών αγοραστών για τα πλοία m/v Kalliopi L, m/v Pantazis L και m/v Kyla Fortune (εφεξής τα «Πλοία»), καθώς και περί δήθεν παραβίασης εμπιστευτικότητας, τραπεζικού απορρήτου και πρόκλησης ζημίας στην εμπορική σας φήμη. Ωστόσο προς αποκατάσταση της αλήθειας και την αποφυγή εσφαλμένων εντυπώσεων σας κρίνουμε επιβεβλημένο να εκθέσουμε τα ακόλουθα.

Γνωρίζετε πολύ καλά, αλλά σκοπίμως αποσιωπάτε το σκοπό και το περιεχόμενο της συζήτησης που έλαβε χώρα την 3.4.2026, που δεν ήταν άλλος από την προσπάθεια εξεύρεσης λύσης στα οικονομικά προβλήματα που αντιμετωπίζετε, για τα οποία επανειλημμένως έχετε ζητήσει τη στήριξη της Τράπεζας μας. Θα θέλαμε δε να σας υπενθυμίσουμε ότι κατ' επανάληψη έχουμε ανταποκριθεί στα αιτήματά σας προς εξεύρεση συναινετικής λύσης, στο πλαίσιο των υφιστάμενων δανειακών σας υποχρεώσεων και των εν εξελίξει συζητήσεων περί επέκτασης/παράτασης αυτών, έχοντας επιδείξει υπερβάλλουσα κατανόηση στη διαχείριση της μεταξύ μας πιστωτικής

1

σχέσης. Ωστόσο, παρά τις ανωτέρω αναφερόμενες ενέργειες μας είναι αναγκαίο να τονίσουμε ότι το σύνολο των οφειλών σας από τις άνω δανειακές υποχρεώσεις σας έχει καταστεί εξ ολοκλήρου ληξιπρόθεσμο και απαιτητό, ως παρακάτω:

i) DAYTON MARITIME CORP LOAN (σύμβαση 23/11/2016) $1,200,000 ληξιπρόθεσμο από 24/02/2026, πλέον τόκων και τόκων υπερημερίας από 25/02/2026

ii) KALLISHIP CO LTD/ PANSHIP LTD LOAN (σύμβαση 27/09/2013) $21,183,764.99 ληξιπρόθεσμο από 31/03/2026, πλέον τόκων και τόκων υπερημερίας από 1/04/2026

iii) PROSPERSHIP LTD/ PINKSHIP LTD/ GREENSHIP LTD/ REDSHIP LTD LOAN (σύμβαση 11/06/2010) $88,688,349.98 ληξιπρόθεσμο από 31/03/2026, πλέον τόκων και τόκων υπερημερίας από 1/04/2026

Είναι, συνεπώς, πέραν πάσης λογικής να δεχόμαστε αιτιάσεις περί δήθεν πρόκλησης ζημίας προς εσάς για τους λόγους που αναφέρετε στην επιστολή, ενώ ευχερώς και νομίμως θα μπορούσαμε να προβούμε σε καταγγελία των δανειακών σας συμβάσεων.

Στο ίδιο πνεύμα της διευκόλυνσης κινήθηκε και η επικοινωνία μας προς εσάς δια της απαντητικής επιστολής μας στο από 7 Απριλίου 2026 email σας, με την οποία σας δηλώσαμε πρόθεση εξέτασης επέκτασης των δανειακών διευκολύνσεων για το δάνειο Prospership με όρους που θα συζητηθούν περαιτέρω και υπό την αυστηρή προϋπόθεση ότι η Τράπεζα και οι Δανειολήπτες θα συντονίσουν την πώληση των Πλοίων που εξασφαλίζουν τις σχετικές δανειακές συμβάσεις, με σκοπό την αποπληρωμή τους.

Υπό το πρίσμα αυτό, μας προκαλεί ιδιαίτερη έκπληξη η αποστολή της εν θέματι επιστολής σας, η οποία, όχι μόνο δεν αντικατοπτρίζει τα όσα πράγματι ειπώθηκαν κατά την ανωτέρω συνάντηση, αλλ' αντιθέτως αποτελεί απόλυτη διαστρέβλωση της πραγματικότητας.

Οι ισχυρισμοί σας ότι προέβημεν σε αυθαίρετη και αντισυμβατική «ανάθεση» σε μεσίτες για την πώληση των Πλοίων δεν ανταποκρίνονται στην πραγματικότητα, καθώς ουδέποτε δώσαμε εντολή ανάθεσης/ εξουσιοδότηση προς μεσίτη με διευρυμένες αρμοδιότητες ώστε ενεργώντας μονομερώς να προβεί στην πώλησή των Πλοίων. Απευθυνθήκαμε σε εξωτερικό σύμβουλο/συνεργάτη (στο εξής ο «Σύμβουλός») της Τράπεζας προκειμένου να υποστηρίξει τη διαδικασία της πώλησης σε προκαταρκτικό διερευνητικό στάδιο.

Η ως άνω επικοινωνία εντάσσεται στο πλαίσιο των συζητήσεων περί συντονισμού για την επίτευξη λύσης, χωρίς να συνιστά «εντολή πώλησης» ή «ανάθεση» εκ μέρους της Τράπεζας επί περιουσιακών στοιχείων που ανήκουν σε εσάς. Ουδέποτε ισχυριστήκαμε ότι νομιμοποιούμαστε να διαθέτουμε ή να εκποιούμε τα Πλοία χωρίς τη συμμετοχή, βούληση και ενέργειές σας, ούτε προέβημεν σε οποιαδήποτε πράξη που να δημιουργεί τέτοια εντύπωση.

2

Περαιτέρω, στο μέτρο που επικαλείστε ότι κατά τη συνάντηση της 03.04.2026 συμφωνήθηκαν ειδικότεροι όροι (όπως προηγούμενη έγκρισή σας για επιλογή μεσίτη και χειρισμός της διαδικασίας αποκλειστικά από συγκεκριμένο στέλεχός σας), σας επισημαίνουμε ότι δεν αποδεχόμαστε ότι παραβιάσαμε οποιαδήποτε δεσμευτική συμφωνία, ιδίως όταν δεν έχει καταρτισθεί και υπογραφεί αντίστοιχο ειδικό γραπτό πλαίσιο/εντολή με σαφείς όρους εμπιστευτικότητας, εξουσιοδοτήσεων, διαδικασίας και επικοινωνίας με την αγορά.

Η Τράπεζα εφαρμόζει πάγιες διαδικασίες για την προστασία της εμπιστευτικότητας των πληροφοριών πελατών και συναλλασσομένων της και ουδέποτε προέβη σε γνωστοποίηση προς την αγορά δανειακών όρων ή άλλων εμπιστευτικών στοιχείων των συμβάσεών σας.

Επιπλέον, σας επισημαίνουμε ότι η ύπαρξη φημών ή επικοινωνιών τρίτων προς εσάς (όπως μεσίτες της αγοράς) δεν τεκμηριώνει αυτοτελώς πηγή προερχόμενη από την Τράπεζα, ούτε αποδεικνύει παραβίαση υποχρέωσης εμπιστευτικότητας από πλευράς της. Παρά ταύτα, για λόγους πλήρους διαλεύκανσης, η Τράπεζα είναι διαθέσιμη να εξετάσει συγκεκριμένα περιστατικά, υπό την προϋπόθεση ότι θα μας χορηγήσετε άμεσα:

(α) τα στοιχεία των προσώπων/εταιρειών που επικοινώνησαν μαζί σας,

(β) τις ημερομηνίες/ώρες επικοινωνίας,

(γ) το ακριβές περιεχόμενο των ισχυρισμών τους (ιδίως ποια «δανειακά στοιχεία» φέρονται να γνώριζαν), και

(δ) κάθε σχετικό αποδεικτικό (emails, μηνύματα, καταγραφές, σημειώσεις κλήσεων).

Σε κάθε δε περίπτωση, εάν πιστεύετε ότι μετερχόμενοι τέτοιων μεθόδων θα επιτύχετε τη θετική απόκριση της Τράπεζάς μας στα επανειλημμένα αιτήματα ρύθμισης των έναντι ημών ληξιπρόθεσμων δανειακών υποχρεώσεών σας, κατά τον τρόπο και με τους όρους που επιθυμείτε, σας ενημερώνουμε ότι τέτοιου είδους μέθοδοι δεν βρίσκουν πρόσφορο έδαφος κατά τη συναλλακτική πρακτική που ακολουθούμε.

Σας υπενθυμίζουμε δε για ύστατη φορά ότι είναι η Τράπεζά μας που, επί μεγάλο χρονικό διάστημα, ανέχεται τη σημαντική καθυστέρηση εκπλήρωσης των υποχρεώσεών σας, επιδεικνύοντας εμπράκτως καλή πίστη και συναλλακτικό ήθος, σε αντίθεση με εσάς.

Επειδή, ουδένα ισχυρισμό σας αποδεχόμαστε περί «καταστρεπτικής δυσφήμησης», «κλονισμό της εμπορικής φήμης και αξιοπιστίας», «ανεπανόρθωτης οικονομικής ζημίας» ή «ηθικής βλάβης» σας που δήθεν προκλήθηκαν από ενέργειες μας, ενώ συγχρόνως αρνούμαστε και αποκρούουμε κάθε αιτίαση που μας αποδίδετε στην παραπάνω επιστολή σας.

3

Επειδή ουδεμία απολύτως βλάβη έχετε υποστεί εξ οιασδήποτε ενέργειάς μας, ούτε μας βαρύνει οποιαδήποτε υπαιτιότητα σε σχέση με τον κλονισμό της φήμης και της αξιοπιστίας σας, τα αίτια του οποίου αλλού πρέπει να αναζητήσετε.

Επειδή ουδέποτε εξουσιοδοτήσαμε εν αγνοία σας οποιονδήποτε τρίτο να διαθέσει περιουσιακά στοιχεία σας, σε αντίθεση με όσα ψευδή ισχυρίζεσθε.

Επειδή η σχέση μας δεν τελεί σε «στάδιο διαπραγματεύσεων», όπως υποβολιμαίως αναφέρετε.

Επειδή διατηρείτε έναντι της Τράπεζάς μας σημαντικές ληξιπρόθεσμες οφειλές, τις οποίες φαίνεται πλέον ότι αδυνατείτε να εξυπηρετήσετε.

Επειδή είναι η Τράπεζά μας, που έχει υποστεί ιδιαίτερο πλήγμα στη φήμη και την πελατεία της, εκ του ψευδούς περιεχομένου της ανωτέρω επιστολής σας.

**Διαμαρτυρόμενοι** για την ανωτέρω συμπεριφορά σας,

**Σας δηλώνουμε** ότι αποκρούουμε ως καθ' ολοκληρία αβάσιμη την ανωτέρω από 26.4.2026 επιστολή σας και

**Σας καλούμε** όπως εντός τριών (3) εργασίμων ημερών από την κοινοποίηση σ' εσάς της παρούσης, ανακαλέσετε αυτήν καθ' όλο της το περιεχόμενο. Διαφορετικά,

**Σας δηλώνουμε** ότι επιφυλασσόμαστε ρητώς κάθε νόμιμου δικαιώματός μας έναντι κάθε αβάσιμης, δυσφημιστικής ή ανακριβούς αιτίασης που θίγει τη φήμη και την αξιοπιστία μας δια όσων διατείνεστε στην άνω επιστολή σας καθώς επίσης επιφυλασσόμαστε του δικαιώματός μας να διακόψουμε κάθε περαιτέρω προσπάθεια εξεύρεσης λύσης στις δανειακές υποχρεώσεις, ασκώντας κάθε νόμιμο δικαίωμά μας εκ των σχετικών δανειακών συμβάσεων.

**Σας γνωστοποιούμε** ότι η εφεξής επικοινωνία σας με την Τράπεζα Πειραιώς θα γίνεται με την Μονάδα NPE Wholesale Portfolio Management, με στοιχεία επικοινωνίας:

Παναγιώτης Αθανασόπουλος,

Head of NPE Wholesale Portfolio Management

Δ/νση: Πανεπιστημίου 31, Αθήνα

Email επικοινωνίας: pathanasopoulos@piraeusbank.gr

Τηλ 210-3739929

Με την επιφύλαξη παντός δικαιώματός μας, αρμόδιος δικαστικός επιμελητής παραγγέλλεται να επιδώσει νομίμως την παρούσα προς:

1) Την εταιρεία με την επωνυμία **"KYLA SHIPPING & TRADING CORP."**, η οποία εδρεύει κατά το καταστατικό της στη Λιβερία, 80 Broad Street, Montserrado

4

Λιβερίας, City of Monrovia, πράγματι δε στην διεύθυνση Λεωφόρος Συγγρού 348, Καλλιθέα Αττικής όπου έχει εγκαταστήσει γραφείο σύμφωνα με τον νόμο 89/67, ως τροποποιηθείς ισχύει, όπως νόμιμα εκπροσωπείται, με ΑΦΜ 996998710 δια λογαριασμό της καθώς και ως εκπρόσωπος των εταιρειών Λιβερίας (1) Kalliship Co Ltd, (2) Panship Ltd., (3) Dayton Maritime Corp., (4) Greenship Ltd., (5) Redship Ltd., (5) Pinkship Ltd. και (6) Prospership Ltd,

2) Την ΦΩΤΕΙΝΗ ΝΙΚΟΛΑΚΕΑ, δικηγόρο, κάτοικο Αθήνας, οδός Δεριγνύ, αριθμός 22, ως συμβατικά ορισθείσα αντίκλητο των άνω εταιρειών,

προς γνώση τους και για τις νόμιμες συνέπειες, αφού προηγουμένως την αντιγράψει ολόκληρη στην περί επιδόσεως έκθεσή του.

---

Αθήνα 12 Μαΐου 2026

Τράπεζα Πειραιώς Α.Ε

*Παναγιώτης Αθανασόπουλος*



Και αφού δεν βρήκα το νόμιμο εκπρόσωπο της παραπάνω εταιρίας στο υποκατέστηματης που βρίσκεται στην οδό ΛΕΩΦ.ΑΝΔΡΕΑ.ΕΥΧΡΟΥ αριθμός.34Β, ούτε κανένα άλλο από τα μέλη της διοίκησης αλλά τ.ο.ν εντεταλμέν.ο. για την παραλαβή εγγράφων ΥΠΑΛΛΗΛΟ αυτής κ. ΝΕΚΤΑΡΙΟ ΑΓΑΘΕΛΗΝΝ όπως μου δήλωσε, επέδωσα σ' αυτο.ν το εν λόγω έγγραφο.

Σε πίστωση συντάχθηκε η παρούσα έκθεσή μου, σε δύο (2) όμοια πρωτότυπα σύμφωνα με το άρθρο 140 του Κ.Πολ.Δ., η οποία αφού διαβάστηκε και βεβαιώθηκε, υπογράφεται νόμιμα.

Ο.παραλαβίν    Ο. Δικ. Επιμελητ.ής

Α ΝΕΚΤΑΡΙΟΣ

ZOI H GERANI
ATTORNEY - AT - LAW
Lawyers Bar of Piraeus
Greece (Reg. No. 4723)
136, Kalokotroni street, 185 36 - Piraeus, Greece
Tel.: +30 210 4284 608
E-mail: zgerani@bairactaris.com
[Barcode] 8735602
760577

### HELLENIC REPUBLIC
### MINISTRY OF JUSTICE
### IOANNIS NTINOPOULOS & ASSOCIATES CIVIL PARTNERSHIP OF COURT BAILIFFS

Civil Professional Partnership of Court Bailiffs of the Athens Court of Appeal

Tax ID No (AFM): 997781204 – Tax Office (KE.FO.D.E.) of Attica

Address: 136 Iosif Momferratou St. – P.C. 11475 – ATHENS – Tel.: 2103613250 – Email: info@ntinopoulos.gr

A. In accordance with: a) Article 50 of Law 2318/1995, as amended by Law 4336/2015, and b) Joint Ministerial Decision No 21798/11.3.2016 – Government Gazette B'709/16.3.2016, case ΣΤ': "Principles of fiscal management and supervision – Public Accounting" (A' 143), as amended and in force, as well as Legislative Decree 496/1974 (A' 204) 'On the Accounting of Public Law Legal Entities', fees are collected in advance and the amount of each act is stated on the first page of each report, legibly and in a distinct box.

B. The present constitutes a tax record and no other document need be issued, in accordance with Circular (ПОΛ.) No 1023/20.1.2014 of the Ministry of Finance. Any amount stated in excess of the statutory fee per service zone constitutes a disciplinary and tax offence.

| SERVICE ZONE | STATUTORY FEE | VAT 24% | TOTAL |
|---|---|---|---|
| A | €35.00 | €840 | €43.40 |

Number: 102062 (handwritten)

## SERVICE REPORT

In Athens, today, on the fourteenth (14th) of May of the year two thousand twenty-six (2026), a Thursday, at 08:05 hours, I, the undersigned Court Bailiff at the Athens Court of Appeal, IOANNIS G. MITROGIANNIS, member of the Civil Partnership of Court Bailiffs under the name "IOANNIS NTINOPOULOS & ASSOCIATES A.E.D.E.", with Tax ID No 997781204, having its seat in Athens, at 136 Iosif Momferratou Street, acting upon the written instruction of PANAGIOTIS ATHANASSOPOULOS, representative of the banking société anonyme under the name "PIRAEUS BANK S.A.", with Tax ID No 996763330, having its seat in Athens, at 4 Amerikis Street, and being legally represented,

came to serve upon the Athens attorney-at-law FOTEINI NIKOLAKEA (father's name: PANAGIOTIS), residing at 22 Derigny Street, Athens, in her capacity as the contractually appointed process agent (antiklitos) of the Liberian companies 1) Kalliship Co Ltd, 2) Panship Ltd, 3) Dayton Maritime Corp., 4) Greenship, 5) Redship Ltd, 6) Pinkship Ltd, 7) Prospership Ltd, for her knowledge and for all lawful consequences, the Extrajudicial Reply, Protest, Invitation and Declaration dated 12-05-2026, the content of which is as follows:

**Before every competent Court and Authority**

**EXTRAJUDICIAL REPLY, PROTEST, INVITATION AND DECLARATION**

Of the banking société anonyme under the name "PIRAEUS BANK S.A.", having its seat in Athens, 4, Amerikis street, as legally represented, Tax ID No 996763330, Tax Office (KE.FO.D.E.) of Attica

**Against**

The company under the name "KYLA SHIPPING & TRADING CORP.", having its registered office pursuant to its articles of incorporation in Liberia, 80 Broad Street, Montserrado, Liberia, City of Monrovia, and in fact at the address 348, Syngrou Avenue, Kallithea, Attica, where it has established an office pursuant to Law 89/67, as amended and in force, as legally represented, with Tax ID No 996998710, acting for its own account as well as in its capacity as representative of the Liberian companies (1) Kalliship Co Ltd, (2) Panship Ltd., (3) Dayton Maritime Corp., (4) Greenship Ltd., (5) Redship Ltd., (5) Pinkship Ltd. and (6) Prospership Ltd

We deny, as entirely false and at the same time as unfounded both in law and in substance, your letter dated 24.4.2026 (sent also on behalf of the Liberian companies Kalliship Co Ltd, Panship Ltd, Dayton Maritime Corp, Greenship Ltd, Redship Ltd, Pinkship Ltd and Prospership Ltd) addressed to the Shipping Finance Division of our Bank, which we regard as a means of improper transactional pressure, aimed at serving purposes which exceed the limits of sound transactional practice. In particular, by the letter in question you put forward unfounded allegations concerning a purported engagement, "without your knowledge", of third parties/brokers to search for potential buyers for the vessels m/v Kalliopi L, m/v Pantazis L and m/v Kyla Fortune (hereinafter the "Vessels"), as well as concerning an alleged breach of confidentiality and banking secrecy and the alleged causing of damage to your commercial reputation. However, in order to restore the truth and to avoid mistaken impressions on your part, we consider it necessary to set out the following.

You are very well aware of, yet deliberately conceal, the purpose and content of the discussion which took place on 3.4.2026, which was none other than the attempt to find a solution to the financial problems you are facing, in respect of which you have repeatedly sought the support of our Bank. We would remind you that we have repeatedly responded to your requests for a consensual solution, within the framework of your existing loan obligations and of the ongoing discussions regarding their extension/prolongation, having demonstrated more than ample understanding in the management of the credit relationship between us. Nevertheless, notwithstanding our aforementioned actions, it is necessary to stress that the entirety of your debts arising from the above loan obligations has become wholly overdue and payable, as follows:

i) DAYTON MARITIME CORP LOAN (agreement dated 23/11/2016): $1,200,000 overdue since 24/02/2026, plus interest and default interest from 25/02/2026;

ii) KALLISHIP CO LTD / PANSHIP LTD LOAN (agreement dated 27/09/2013): $21,183,764.99 overdue since 31/03/2026, plus interest and default interest from 1/04/2026;

iii) PROSPERSHIP LTD / PINKSHIP LTD / GREENSHIP LTD / REDSHIP LTD LOAN (agreement dated 11/06/2010): $88,688,349.98 overdue since 31/03/2026, plus interest and default interest from 1/04/2026.

It is, therefore, beyond all reason for us to accept accusations of purported damage caused to you for the reasons set out in your letter, when we could readily and lawfully have proceeded to the termination of your loan agreements.

Our communication to you by way of our letter in reply to your email of 7 April 2026 was made in the same spirit of accommodation; by that letter we declared to you our intention to consider an extension of the loan facilities in respect of the Prospership loan, on terms to be discussed further and on the strict condition that the Bank and the Borrowers would coordinate the sale of the Vessels securing the relevant loan agreements, with a view to their repayment.

In this light, we are particularly surprised by the sending of the letter in question, which not only fails to reflect what was actually said at the above meeting but, on the contrary, constitutes an absolute distortion of reality.

Your allegations that we proceeded to an arbitrary "engagement" of brokers for the sale of the Vessels, in breach of contract, do not correspond to reality, since we never gave any instruction of engagement/authorisation to any broker with expanded powers enabling him, acting unilaterally, to proceed with the sale of the Vessels. We approached an external advisor/associate of the Bank (hereinafter the "Advisor") in order to support the sale process at a preliminary, exploratory stage.

The above communication falls within the framework of the discussions concerning coordination for the achievement of a solution, and does not constitute a "sale order" or an "engagement" on the part of the Bank in respect of assets belonging to you. We never claimed to be entitled to dispose of or sell the Vessels without your participation, will and actions, nor did we take any action creating such an impression.

Further, to the extent that you invoke that at the meeting of 03.04.2026 more specific terms were agreed (such as your prior approval for the selection of a broker and the handling of the process exclusively by a specific officer of yours), we point out to you that we do not accept that we breached any binding agreement, particularly where no corresponding specific written framework/mandate with clear terms as to confidentiality, authorisations, procedure and communication with the market has been drawn up and signed.

The Bank applies standing procedures for the protection of the confidentiality of the information of its customers and counterparties and has never proceeded to disclose to the market loan terms or other confidential elements of your agreements.

Moreover, we point out to you that the existence of rumours or of communications from third parties to you (such as market brokers) does not, in and of itself, establish a source originating from the Bank, nor does it prove any breach of a confidentiality obligation on its part. Nevertheless, for the sake of full clarification, the Bank is prepared to examine specific incidents, on condition that you immediately furnish us with:

(a) the details of the persons/companies who contacted you,

(b) the dates/times of the communications,

(c) the exact content of their allegations (in particular, which "loan details" they are said to have known), and

(d) any relevant evidence (emails, messages, recordings, call notes).

In any event, if you believe that by resorting to such methods you will secure a favourable response from our Bank to your repeated requests for the settlement of your overdue loan obligations towards us, in the manner and on the terms you desire, we inform you that methods of this kind find no fertile ground in the transactional practice we follow.

We remind you, for the very last time, that it is our Bank which has, over a long period of time, tolerated the significant delay in the performance of your obligations, thereby demonstrating in practice good faith and transactional ethics, in contrast to you.

**Whereas** we accept none of your allegations of "devastating defamation", of a "shaking of your commercial reputation and credibility", of "irreparable financial damage" or of "moral harm" allegedly caused to you by our actions, while at the same time we deny and repel every accusation which you attribute to us in your above letter.

**Whereas** you have suffered no damage whatsoever as a result of any action of ours, nor are we burdened by any fault in relation to the shaking of your reputation and credibility, the causes of which you should seek elsewhere.

**Whereas** we never authorised, without your knowledge, any third party to dispose of your assets, contrary to what you falsely allege.

**Whereas** our relationship is not at a "negotiation stage", as you insinuate.

**Whereas** you maintain significant overdue debts towards our Bank, which it now appears you are unable to service.

**Whereas** it is our Bank which has suffered a particular blow to its reputation and its clientele as a result of the false content of your above letter.

**PROTESTING** against your above conduct,

**WE DECLARE** to you that we repel as entirely unfounded your above letter dated 26.4.2026, and

**WE INVITE** you, within three (3) business days of the service of the present upon you, to revoke it in its entirety. Failing which,

**WE DECLARE** to you that we expressly reserve every lawful right of ours in respect of every unfounded, defamatory or inaccurate accusation affecting our reputation and credibility by reason of what you assert in your above letter, and we likewise reserve our right to discontinue any further effort to find a solution in respect of the loan obligations, exercising every lawful right of ours arising from the relevant loan agreements.

**WE NOTIFY** you that your communication with Piraeus Bank shall henceforth be conducted with the NPE Wholesale Portfolio Management Unit, with the following contact details:

**Panagiotis Athanasopoulos,**
Head of NPE Wholesale Portfolio Management
Address: 31 Panepistimiou Street, Athens
Contact email: pathanasopoulos@piraeusbank.gr
Tel.: 210-3739929

With the reservation of all our rights, a competent court bailiff is hereby instructed to serve the present lawfully upon:

1) The company under the name "KYLA SHIPPING & TRADING CORP.", having its registered office pursuant to its articles of incorporation in Liberia, 80 Broad Street, Montserrado, Liberia, City of Monrovia, and in fact at the address 348 Syngrou Avenue, Kallithea, Attica, where it has established an office pursuant to Law 89/67, as amended and in force, as legally represented, with Tax ID No 996998710, acting for its own account as well as in its capacity as representative of the Liberian

companies (1) Kalliship Co Ltd, (2) Panship Ltd., (3) Dayton Maritime Corp., (4) Greenship Ltd., (5) Redship Ltd., (5) Pinkship Ltd. and (6) Prospership Ltd,

2) Ms FOTEINI NIKOLAKEA, attorney-at-law, resident of Athens, 22 Derigny Street, as the contractually appointed process agent (antiklitos) of the above companies,

for their knowledge and for the lawful consequences, having first copied the present in its entirety into his service report.


**Athens, 12 May 2026**
Piraeus Bank S.A.
*[signature]*
Panagiotis Athanasopoulos

*[Continuation of the Service Report – handwritten entries in italics:]*

*Having gone to the residence address at 22 Derigny Street, where I did not find her, nor any other adult co-resident pursuant to Article 128 of the Code of Civil Procedure, and the door of the main entrance being closed, and my attempt to enter the apartment building not being possible although I rang repeatedly the buzzers on the exterior panel of the building, for this reason I placed the above-mentioned document in a sealed envelope and affixed it to the door of the main entrance of the apartment building, in the presence of the witness [name illegible], resident of Athens, 136 Iosif Momferratou Street, holder of Tax. No.  No 078782527.*

In witness whereof, the present report of mine was drawn up in two (2) identical originals in accordance with Article 140 of the Code of Civil Procedure, which, having been read and confirmed, is lawfully signed.

The Witness                                                  The Court Bailiff


*[signature]*                                                *[signature and official stamp]*

**RECEIPT OF DELIVERY OF A COPY**
**OF THE DOCUMENT SERVED BY POSTING ON THE DOOR**

I, the Court Bailiff of the Athens Court of Appeal, IOANNIS G. MITROGIANNIS, member of the Civil Partnership of Court Bailiffs under the name "IOANNIS NTINOPOULOS & ASSOCIATES", having its seat in Athens, at 136 Iosif Momferratou Street, in accordance with the provision of paragraph 4(b) of Article 128 of the Code of Civil Procedure, as supplemented by Legislative Decree 490/19-7-1974, came to the POLICE STATION OF [name illegible], in order to deliver to its Head a simple copy of the document referred to on the first page of the present report. Having not found him, I delivered it to the OFFICER ON DUTY authorised to receive it, Mr. IOANNIS LYNGAS, Police Constable (A.Y.), who received it, signed the present and affixed the service stamp of the department.

The Receiving Officer on Duty                                         14/5/2026

[signature]                                              The Court Bailiff

LYNGAS Ioannis, Police Constable (A.Y.)

**CONFIRMATION OF DISPATCH OF REGISTERED LETTER**

I, the Court Bailiff of the Athens Court of Appeal, IOANNIS MITROGIANNIS, member of the Civil Partnership of Court Bailiffs under the name "IOANNIS NTINOPOULOS & ASSOCIATES", having its seat in Athens at 136 Iosif Momferratou Street, and being legally represented, in accordance with the provision of paragraph 4(c) of Article 128 of the Code of Civil Procedure, as supplemented by Legislative Decree 490/19-7-1974, confirm that from the OMONIA POST OFFICE I dispatched, by REGISTERED LETTER, to: NIKOLAKEA FOTEINI, (Father's name: PANAGIOTIS), at the address: 22 DERIGNY STREET, ATHENS, a written NOTIFICATION concerning the service effected as referred to on the first page of the present report, which was received by its EMPLOYEE Mr. Konstantinos Fragkos, with receipt No RE566523 704GR.

**ATHENS, 15/05/2026**

**THE POSTAL EMPLOYEE**                              **THE COURT BAILIFF**

KONSTANTINOS FRAGKOS                              *[signature]*

CERTIFIED TRANSLATION IN ENGLISH
OF THE ATTACHED DOCUMENT IN GREEK
PIRAEUS, 17 JULY 2026
THE TRANSLATING ATTORNEY AT LAW

ZOI M. GERANI
ATTORNEY-AT-LAW
Lawyers Bar of Piraeus
Greece (Reg. No. 4723)
130, Kolokotroni street, 185 36 Piraeus, Greece
Tel.: +30 210 4264 608
E-mail: zgerani@bairactaris.com



8735602

760577



ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ
ΥΠΟΥΡΓΕΙΟ ΔΙΚΑΙΟΣΥΝΗΣ
**ΙΩΑΝΝΗΣ ΝΤΙΝΟΠΟΥΛΟΣ & ΣΥΝΕΡΓΑΤΕΣ ΑΣΤΙΚΗ ΕΤΑΙΡΕΙΑ ΔΙΚΑΣΤΙΚΩΝ ΕΠΙΜΕΛΗΤΩΝ**
Αστική Επαγγελματική Εταιρεία Δικαστικών Επιμελητών Εφετείου Αθηνών
Α.Φ.Μ. 997781204 - ΚΕ.ΦΟ.Δ.Ε. ΑΤΤΙΚΗΣ
Διεύθυνση: ΙΩΣΗΦ ΜΟΜΦΕΡΡΑΤΟΥ 136 - Τ.Κ. 11475 - ΑΘΗΝΑ - Τηλέφωνο: 2103613250 -
Email: info@ntinopoulos.gr

Α. Σύμφωνα: α) με το άρθρο 50 του ν.2318/1995, όπως αυτό τροποποιήθηκε με τον ν.4336/2015 και β) με την υπ'αριθμ.21798/11.3.2016 Κ.Υ.Α.–
ΦΕΚ.709/Β/16.3.2016, περίπτωση ΣΤ': «Οι αμοιβές, με την επιφύλαξη του Ν.4270/2014 «Αρχές δημοσιονομικής διαχείρισης και εποπτείας – Δημόσιο
Λογιστικό» (Α' 143) όπως τροποποιήθηκε και ισχύει, καθώς και του Ν. δ/τος 496/1974 (Α' 204) 'Περί Λογιστικού των Νομικών Προσώπων Δημοσίου Δικαίου»,
προεισπράττονται κατά το ήμισυ και το ποσό κάθε πράξης αναφέρεται στην πρώτη σελίδα της κάθε έκθεσης σε ευκρινές και διακριτό πλαίσιο.
Β. Η παρούσα αποτελεί φορολογικό στοιχείο και δεν απαιτείται η έκδοση άλλου παραστατικού, σύμφωνα με την υπ'αριθμ.1023/20.1.2014 ΠΟΛ. του
Υπουργείου Οικονομικών. Αναγραφόμενο ποσό διαφορετικό της νόμιμης ανά ζώνη αμοιβής συνιστά πειθαρχικό – φορολογικό αδίκημα.

| ΖΩΝΗ ΕΠΙΔΟΣΗΣ | ΝΟΜΙΜΗ ΑΜΟΙΒΗ | Φ.Π.Α 24 % | ΣΥΝΟΛΟ |
|---|---|---|---|
| Α | 3500 € | 840 € | 4340 € |

Αριθμός : 102062

# Ε Κ Θ Ε Σ Η   Ε Π Ι Δ Ο Σ Η Σ

Στην ........Αθήνα.................... σήμερα στις ........Δεκαπέντε........ (14..) .......Μαιου Τεσσάλου.......... του έτους δύο χιλιάδες είκοσι έξι (2026) ημέρα ...................... και ώρα ....8:05........., εγώ ..Δικαστικ.... Επιμελητ...στο Εφετείο Αθηνών, ........Ιωαννη Γ Μπιργιαννη...................... μέλος της Αστικής Εταιρείας Δικαστικών Επιμελητών με την επωνυμία «ΙΩΑΝΝΗΣ ΝΤΙΝΟΠΟΥΛΟΣ ΚΑΙ ΣΥΝΕΡΓΑΤΕΣ Α.Ε.Δ.Ε.», με ΑΦΜ 997781204 που εδρεύει στην Αθήνα, Ιωσήφ Μομφερράτου αρ. 136, ύστερα από έγγραφη παραγγελία **του ΑΘΑΝΑΣΟΠΟΥΛΟΥ ΠΑΝΑΓΙΩΤΗ εκπροσώπου της ανώνυμης τραπεζικής εταιρείας με την επωνυμία «ΤΡΑΠΕΖΑ ΠΕΙΡΑΙΩΣ Α.Ε.» με ΑΦΜ 996763330 που εδρεύει στην Αθήνα, οδός Αμερικής αριθ. 4 και εκπροσωπείται νόμιμα,**

ήρθα να επιδώσω στην δικηγόρο Αθηνών **ΝΙΚΟΛΑΚΕΑ ΦΩΤΕΙΝΗ (Ον. Πατρός ΠΑΝΑΓΙΩΤΗΣ)**, **κάτοικο** ........Αθηνων (Δερυγνι 27)............, ως συμβατικά ορισθείσα αντίκλητο των εταιρειών Λιβερίας 1) Kalliship Co Ltd, 2) Panship Ltd, 3) Dayton Maritime Corp., 4) Greenship, 5) Redship Ltd, 6) Pinkship Ltd, 7) Prospership Ltd, προς γνώση και για κάθε νόμιμη συνέπεια, την από **12-05-2026 Εξώδικη Απάντηση, Διαμαρτυρία, Πρόσκληση και Δήλωση**, το περιεχόμενο της οποίας έχει ως εξής .







Ενώπιον παντός αρμοδίου Δικαστηρίου και Αρχής

**Εξώδικη απάντηση, διαμαρτυρία, πρόσκληση και δήλωση**

Της ανώνυμης τραπεζικής εταιρείας με την επωνυμία «**ΤΡΑΠΕΖΑ ΠΕΙΡΑΙΩΣ ΑΕ**», που εδρεύει στην Αθήνα, οδός Αμερικής, αριθμ. 4, όπως εκπροσωπείται νομίμως, ΑΦΜ 996765330 ΚΕ.ΦΟ.Δ.Ε. Αττικής

**Προς**

Της εταιρείας με την επωνυμία "**KYLA SHIPPING & TRADING CORP.**", η οποία εδρεύει κατά το καταστατικό της στη Λιβερία, 80 Broad Street, Montserrado Λιβερίας, City of Monrovia, πράγματι δε στην διεύθυνση Λεωφόρος Συγγρού 348, Καλλιθέα Αττικής όπου έχει εγκαταστήσει γραφείο σύμφωνα με τον νόμο 89/67, ως τροποποιηθείς ισχύει, όπως νόμιμα εκπροσωπείται, με ΑΦΜ 996998710 δια λογαριασμό της καθώς και ως εκπρόσωπος των εταιρειών Λιβερίας (1) Kalliship Co Ltd, (2) Panship Ltd., (3) Dayton Maritime Corp., (4) Greenship Ltd., (5) Redship Ltd., (5) Pinkship Ltd. και (6) Prospership Ltd

---

Αρνούμαστε ως καθ' ολοκληρία ψευδή και εν ταυτώ ως νόμω και ουσία αβάσιμη την από 24.4.2026 επιστολή σας (και των εταιρειών Λιβερίας Kalliship Co Ltd, Panship Ltd., Dayton Maritime Corp., Greenship Ltd., Redship Ltd., Pinkship Ltd. και Prospership Ltd) προς τη Διεύθυνση Ναυτιλιακής Χρηματοδότησης της Τράπεζάς μας, την οποία εκλαμβάνουμε ως μέσο συναλλακτικά αήθους πίεσης, προκειμένου να εξυπηρετήσετε σκοπούς που εκφεύγουν των ορίων της χρηστής συναλλακτικής πρακτικής. Ειδικότερα, δια της εν λόγω επιστολής σας προβάλλετε αβάσιμους ισχυρισμούς περί δήθεν ανάθεσης, «εν αγνοία σας», σε τρίτους/μεσίτες της αναζήτησης πιθανών αγοραστών για τα πλοία m/v Kalliopi L, m/v Pantazis L και m/v Kyla Fortune (εφεξής τα «Πλοία»), καθώς και περί δήθεν παραβίασης εμπιστευτικότητας, τραπεζικού απορρήτου και πρόκλησης ζημίας στην εμπορική σας φήμη. Ωστόσο προς αποκατάσταση της αλήθειας και την αποφυγή εσφαλμένων εντυπώσεων σας κρίνουμε επιβεβλημένο να εκθέσουμε τα ακόλουθα.

Γνωρίζετε πολύ καλά, αλλά σκοπίμως αποσιωπάτε το σκοπό και το περιεχόμενο της συζήτησης που έλαβε χώρα την 3.4.2026, που δεν ήταν άλλος από την προσπάθεια εξεύρεσης λύσης στα οικονομικά προβλήματα που αντιμετωπίζετε, για τα οποία επανειλημμένως έχετε ζητήσει τη στήριξη της Τράπεζάς μας. Θα θέλαμε δε να σας υπενθυμίσουμε ότι κατ' επανάληψη έχουμε ανταποκριθεί στα αιτήματά σας προς εξεύρεση συναινετικής λύσης, στο πλαίσιο των υφιστάμενων δανειακών σας υποχρεώσεων και των εν εξελίξει συζητήσεων περί επέκτασης/παράτασης αυτών, έχοντας επιδείξει υπερβάλλουσα κατανόηση στη διαχείριση της μεταξύ μας πιστωτικής

1

σχέσης. Ωστόσο, παρά τις ανωτέρω αναφερόμενες ενέργειες μας είναι αναγκαίο να τονίσουμε ότι το σύνολο των οφειλών σας από τις άνω δανειακές υποχρεώσεις σας έχει καταστεί εξ ολοκλήρου ληξιπρόθεσμο και απαιτητό, ως παρακάτω:

i) DAYTON MARITIME CORP LOAN (σύμβαση 23/11/2016) $1.200,000 ληξιπρόθεσμο από 24/02/2026, πλέον τόκων και τόκων υπερημερίας από 25/02/2026

ii) KALLISHIP CO LTD/ PANSHIP LTD LOAN (σύμβαση 27/09/2013) $21,183,764.99 ληξιπρόθεσμο από 31/03/2026, πλέον τόκων και τόκων υπερημερίας από 1/04/2026

iii) PROSPERSHIP LTD/ PINKSHIP LTD/ GREENSHIP LTD/ REDSHIP LTD LOAN (σύμβαση 11/06/2010) $88,688,349.98 ληξιπρόθεσμο από 31/03/2026, πλέον τόκων και τόκων υπερημερίας από 1/04/2026

Είναι, συνεπώς, πέραν πάσης λογικής να δεχόμαστε αιτιάσεις περί δήθεν πρόκλησης ζημίας προς εσάς για τους λόγους που αναφέρετε στην επιστολή, ενώ ευχερώς και νομίμως θα μπορούσαμε να προβούμε σε καταγγελία των δανειακών σας συμβάσεων.

Στο ίδιο πνεύμα της διευκόλυνσης κινήθηκε και η επικοινωνία μας προς εσάς δια της απαντητικής επιστολής μας στο από 7 Απριλίου 2026 email σας, με την οποία σας δηλώσαμε πρόθεση εξέτασης επέκτασης των δανειακών διευκολύνσεων για το δάνειο Prospership με όρους που θα συζητηθούν περαιτέρω και υπό την αυστηρή προϋπόθεση ότι η Τράπεζα και οι Δανειολήπτες θα συντονίσουν την πώληση των Πλοίων που εξασφαλίζουν τις σχετικές δανειακές συμβάσεις, με σκοπό την αποπληρωμή τους.

Υπό το πρίσμα αυτό, μας προκαλεί ιδιαίτερη έκπληξη η αποστολή της εν θέματι επιστολής σας, η οποία, όχι μόνο δεν αντικατοπτρίζει τα όσα πράγματι ειπώθηκαν κατά την ανωτέρω συνάντηση, αλλ' αντιθέτως αποτελεί απόλυτη διαστρέβλωση της πραγματικότητας.

Οι ισχυρισμοί σας ότι προέβημεν σε αυθαίρετη και αντισυμβατική «ανάθεση» σε μεσίτες για την πώληση των Πλοίων δεν ανταποκρίνονται στην πραγματικότητα, καθώς ουδέποτε δώσαμε εντολή ανάθεσης/ εξουσιοδότηση προς μεσίτη με διευρυμένες αρμοδιότητες ώστε ενεργώντας μονομερώς να προβεί στην πώληση των Πλοίων. Απευθυνθήκαμε σε εξωτερικό σύμβουλο/συνεργάτη (στο εξής ο «Σύμβουλός») της Τράπεζας προκειμένου να υποστηρίξει τη διαδικασία της πώλησης σε προκαταρκτικό διερευνητικό στάδιο.

Η ως άνω επικοινωνία εντάσσεται στο πλαίσιο των συζητήσεων περί συντονισμού για την επίτευξη λύσης, χωρίς να συνιστά «εντολή πώλησης» ή «ανάθεση» εκ μέρους της Τράπεζας επί περιουσιακών στοιχείων που ανήκουν σε εσάς. Ουδέποτε ισχυριστήκαμε ότι νομιμοποιούμαστε να διαθέτουμε ή να εκποιούμε τα Πλοία χωρίς τη συμμετοχή, βούληση και ενέργειές σας, ούτε προέβημεν σε οποιαδήποτε πράξη που να δημιουργεί τέτοια εντύπωση.

2

Περαιτέρω, στο μέτρο που επικαλείστε ότι κατά τη συνάντηση της 03.04.2026 συμφωνήθηκαν ειδικότεροι όροι (όπως προηγούμενη έγκρισή σας για επιλογή μεσίτη και χειρισμός της διαδικασίας αποκλειστικά από συγκεκριμένο στέλεχός σας), σας επισημαίνουμε ότι δεν αποδεχόμαστε ότι παραβιάσαμε οποιαδήποτε δεσμευτική συμφωνία, ιδίως όταν δεν έχει καταρτισθεί και υπογραφεί αντίστοιχο ειδικό γραπτό πλαίσιο/εντολή με σαφείς όρους εμπιστευτικότητας, εξουσιοδοτήσεων, διαδικασίας και επικοινωνίας με την αγορά.

Η Τράπεζα εφαρμόζει πάγιες διαδικασίες για την προστασία της εμπιστευτικότητας των πληροφοριών πελατών και συναλλασσομένων της και ουδέποτε προέβη σε γνωστοποίηση προς την αγορά δανειακών όρων ή άλλων εμπιστευτικών στοιχείων των συμβάσεών σας.

Επιπλέον, σας επισημαίνουμε ότι η ύπαρξη φημών ή επικοινωνιών τρίτων προς εσάς (όπως μεσίτες της αγοράς) δεν τεκμηριώνει αυτοτελώς πηγή προερχόμενη από την Τράπεζα, ούτε αποδεικνύει παραβίαση υποχρέωσης εμπιστευτικότητας από πλευράς της. Παρά ταύτα, για λόγους πλήρους διαλεύκανσης, η Τράπεζα είναι διαθέσιμη να εξετάσει συγκεκριμένα περιστατικά, υπό την προϋπόθεση ότι θα μας χορηγήσετε άμεσα:

(α) τα στοιχεία των προσώπων/εταιρειών που επικοινώνησαν μαζί σας,

(β) τις ημερομηνίες/ώρες επικοινωνίας,

(γ) το ακριβές περιεχόμενο των ισχυρισμών τους (ιδίως ποια «δανειακά στοιχεία» φέρονται να γνώριζαν), και

(δ) κάθε σχετικό αποδεικτικό (emails, μηνύματα, καταγραφές, σημειώσεις κλήσεων).

Σε κάθε δε περίπτωση, εάν πιστεύετε ότι μετερχόμενοι τέτοιων μεθόδων θα επιτύχετε τη θετική απόκριση της Τράπεζάς μας στα επανειλημμένα αιτήματα ρύθμισης των έναντι ημών ληξιπρόθεσμων δανειακών υποχρεώσεών σας, κατά τον τρόπο και με τους όρους που επιθυμείτε, σας ενημερώνουμε ότι τέτοιου είδους μέθοδοι δεν βρίσκουν πρόσφορο έδαφος κατά τη συναλλακτική πρακτική που ακολουθούμε.

Σας υπενθυμίζουμε δε για ύστατη φορά ότι είναι η Τράπεζά μας που, επί μεγάλο χρονικό διάστημα, ανέχεται τη σημαντική καθυστέρηση εκπλήρωσης των υποχρεώσεών σας, επιδεικνύοντας εμπράκτως καλή πίστη και συναλλακτικό ήθος, σε αντίθεση με εσάς.

Επειδή, ουδένα ισχυρισμό σας αποδεχόμαστε περί «καταστρεπτικής δυσφήμησης», «κλονισμό της εμπορικής φήμης και αξιοπιστίας», «ανεπανόρθωτης οικονομικής ζημίας» ή «ηθικής βλάβης» σας που δήθεν προκλήθηκαν από ενέργειες μας, ενώ συγχρόνως αρνούμαστε και αποκρούουμε κάθε αιτίαση που μας αποδίδετε στην παραπάνω επιστολή σας.

3

Επειδή ουδεμία απολύτως βλάβη έχετε υποστεί εξ οιασδήποτε ενέργειάς μας, ούτε μας βαρύνει οποιαδήποτε υπαιτιότητα σε σχέση με τον κλονισμό της φήμης και της αξιοπιστίας σας, τα αίτια του οποίου αλλού πρέπει να αναζητήσετε.

Επειδή ουδέποτε εξουσιοδοτήσαμε εν αγνοία σας οποιονδήποτε τρίτο να διαθέσει περιουσιακά στοιχεία σας, σε αντίθεση με όσα ψευδή ισχυρίζεσθε.

Επειδή η σχέση μας δεν τελεί σε «στάδιο διαπραγματεύσεων», όπως υποβολιμαίως αναφέρετε.

Επειδή διατηρείτε έναντι της Τράπεζάς μας σημαντικές ληξιπρόθεσμες οφειλές, τις οποίες φαίνεται πλέον ότι αδυνατείτε να εξυπηρετήσετε.

Επειδή είναι η Τράπεζά μας, που έχει υποστεί ιδιαίτερο πλήγμα στη φήμη και την πελατεία της, εκ του ψευδούς περιεχομένου της ανωτέρω επιστολής σας.

**Διαμαρτυρόμενοι** για την ανωτέρω συμπεριφορά σας,

**Σας δηλώνουμε** ότι αποκρούουμε ως καθ' ολοκληρία αβάσιμη την ανωτέρω από 26.4.2026 επιστολή σας και

**Σας καλούμε** όπως εντός τριών (3) εργασίμων ημερών από την κοινοποίηση σ' εσάς της παρούσης, ανακαλέσετε αυτήν καθ' όλο της το περιεχόμενο. Διαφορετικά,

**Σας δηλώνουμε** ότι επιφυλασσόμαστε ρητώς κάθε νόμιμου δικαιώματός μας έναντι κάθε αβάσιμης, δυσφημιστικής ή ανακριβούς αιτίασης που θίγει τη φήμη και την αξιοπιστία μας δια όσων διατείνεστε στην άνω επιστολή σας καθώς επίσης επιφυλασσόμαστε του δικαιώματός μας να διακόψουμε κάθε περαιτέρω προσπάθεια εξεύρεσης λύσης στις δανειακές υποχρεώσεις, ασκώντας κάθε νόμιμο δικαίωμά μας εκ των σχετικών δανειακών συμβάσεων.

**Σας γνωστοποιούμε** ότι η εφεξής επικοινωνία σας με την Τράπεζα Πειραιώς θα γίνεται με την Μονάδα NPE Wholesale Portfolio Management, με στοιχεία επικοινωνίας:

Παναγιώτης Αθανασόπουλος,

Head of NPE Wholesale Portfolio Management

Δ/νση: Πανεπιστημίου 31, Αθήνα

Email επικοινωνίας: pathanasopoulos@piraeusbank.gr

Τηλ 210-3739929

Με την επιφύλαξη παντός δικαιώματός μας, αρμόδιος δικαστικός επιμελητής παραγγέλλεται να επιδώσει νομίμως την παρούσα προς:

1) Την εταιρεία με την επωνυμία **"KYLA SHIPPING & TRADING CORP."**, η οποία εδρεύει κατά το καταστατικό της στη Λιβερία, 80 Broad Street, Montserrado

4

Λιβερίας, City of Monrovia, πράγματι δε στην διεύθυνση Λεωφόρος Συγγρού 348, Καλλιθέα Αττικής όπου έχει εγκαταστήσει γραφείο σύμφωνα με τον νόμο 89/67, ως τροποποιηθείς ισχύει, όπως νόμιμα εκπροσωπείται, με ΑΦΜ 996998710 δια λογαριασμό της καθώς και ως εκπρόσωπος των εταιρειών Λιβερίας (1) Kalliship Co Ltd, (2) Panship Ltd., (3) Dayton Maritime Corp., (4) Greenship Ltd., (5) Redship Ltd., (5) Pinkship Ltd. και (6) Prospership Ltd,

2) Την ΦΩΤΕΙΝΗ ΝΙΚΟΛΑΚΕΑ, δικηγόρο, κάτοικο Αθήνας, οδός Δεριγνύ, αριθμός 22, ως συμβατικά ορισθείσα αντίκλητο των άνω εταιρειών,

προς γνώση τους και για τις νόμιμες συνέπειες, αφού προηγουμένως την αντιγράψει ολόκληρη στην περί επιδόσεως έκθεσή του.

Αθήνα 12 Μαΐου 2026

Τράπεζα Πειραιώς Α.Ε

Παναγιώτης Αθανασόπουλος

5





Αφού ήρθα στη διεύθυνση κατοικίας τ...Μ...ε τι της οσου...Δερ.ιλνν................ , αρ. 22.

οπου δεν βρήκα τ...Υ...ν ίδι.ς.... ούτε άλλον ενήλικο σύνοικο κατ' άρθρον 128 Κ.Πολ.Δ. η

πόρτα δε της κεντρικής εισόδου ήταν κλειστή και στην προσπάθεια μου να εισέλθω

εντός της πολυκατοικίας δεν κατέστη δυνατό ενώ χτύπησα επανειλημμένα τα κουδούνια

του εξωτερικού πίνακα της πολυκατοικίας, για το λόγο αυτό τοποθέτησα το ως άνω ανα-

φερόμενο έγγραφο σε ενσφράγιστο φάκελο και τον κόλλησα στην πόρτα της κεντρικής

εισόδου της πολυκατοικίας παρουσία του μάρτυρα

κατοίκου Αθηνών, οδός Ιωσήφ Μομφερράτου αρ. 136

Σε πίστωση συντάχθηκε η παρούσα έκθεσή μου, σε δύο (2) όμοια πρωτότυπα σύμφωνα με το άρθρο

140 του Κ.Πολ.Δ.,  η οποία αφού διαβάστηκε και βεβαιώθηκε, υπογράφεται νόμιμα.

Ο...Μαρ.τ.ρ.σ.........                                                              Ο.... Δικ. Επιμελητ...ής.







**ΙΩΑΝΝΗΣ ΝΤΙΝΟΠΟΥΛΟΣ & ΣΥΝΕΡΓΑΤΕΣ**
Αστική Εταιρεία Δικαστικών Επιμελητών

## ΑΠΟΔΕΙΞΗ ΠΑΡΑΛΑΒΗΣ ΑΝΤΙΓΡΑΦΟΥ

## ΕΓΓΡΑΦΟΥ ΠΟΥ ΘΥΡΟΚΟΛΛΗΘΗΚΕ

Εγώ ο Δικαστικός Επιμελητής του Εφετείου Αθηνών, ΙΩΑΝΝΗΣ Γ. ΜΗΤΡΟΓΙΑΝΝΗΣ

μέλος της Αστικής Εταιρείας Δικαστικών Επιμελητών με την επωνυμία «ΙΩΑΝΝΗΣ

ΝΤΙΝΟΠΟΥΛΟΣ ΚΑΙ ΣΥΝΕΡΓΑΤΕΣ», που εδρεύει στην Αθήνα, επί της οδού Ιωσήφ

Μομφερράτου αριθ. 136, σύμφωνα με την διάταξη της παρ. 4 εδ. β του άρθρου 128

του Κ. Πολ. Δ. που συμπληρώθηκε με το Ν.Δ. 490/19-7-1974, ήρθα στο

ΑΣΤΥΝΟΜΙΚΟ ΤΜΗΜΑ _____ , για να παραδώσω

στον Προϊστάμενο αυτού, απλό αντίγραφο του εγγράφου που αναφέρεται στο

πρώτο φύλλο της παρούσας έκθεσης. Αφού δεν βρήκα τον ίδιο, παρέδωσα αυτό

στον εξουσιοδοτημένο για την παραλαβή του ΑΞΙΩΜΑΤΙΚΟ ΥΠΗΡΕΣΙΑΣ κ.

ΛΥΓΚΑΣ Ιωάννης
Αστυφύλακας (Α.Υ.) _____ ο οποίος παρέλαβε, υπέγραψε την

παρούσα και έβαλε την σφραγίδα της υπηρεσίας.

Ο ΠΑΡΑΛΑΒΩΝ
ΑΞΙΩΜΑΤΙΚΟΣ ΥΠΗΡΕΣΙΑΣ

ΛΥΓΚΑΣ Ιωάννης
Αστυφύλακας (Α.Υ.)

14/5/2026

Ο ΔΙΚΑΣΤΙΚΟΣ ΕΠΙΜΕΛΗΤΗΣ





ΙΩΑΝΝΗΣ ΝΤΙΝΟΠΟΥΛΟΣ & ΣΥΝΕΡΓΑΤΕΣ
Αστική Εταιρεία Δικαστικών Επιμελητών

## ΒΕΒΑΙΩΣΗ ΑΠΟΣΤΟΛΗΣ ΣΥΣΤΗΜΕΝΗΣ ΕΠΙΣΤΟΛΗΣ

Εγώ ο Δικαστικός Επιμελητής του Εφετείου Αθηνών, *ΙΩΑΝΝΗΣ ΜΗΤΡΟΓΙΑΝΝΗΣ*

μέλος της Αστικής Εταιρείας Δικαστικών Επιμελητών με την επωνυμία «ΙΩΑΝΝΗΣ

ΝΤΙΝΟΠΟΥΛΟΣ ΚΑΙ ΣΥΝΕΡΓΑΤΕΣ», που εδρεύει στην Αθήνα επί της οδού Ιωσήφ

Μομφερράτου αριθ. 136, και εκπροσωπείται νόμιμα, σύμφωνα με την διάταξη της

παρ. 4 εδ. γ του άρθρου 128 του Κ. Πολ. Δ. που συμπληρώθηκε με το Ν.Δ. 490/19-7-

1974, βεβαιώνω ότι από το **ΤΑΧΥΔΡΟΜΙΚΟ ΓΡΑΦΕΙΟ ΟΜΟΝΟΙΑΣ** απέστειλα με

**ΣΥΣΤΗΜΕΝΗ ΕΠΙΣΤΟΛΗ**, προς: **ΝΙΚΟΛΑΚΕΑ ΦΩΤΕΙΝΗ**, (Πατρώνυμο: ΠΑΝΑΓΙΩΤΗΣ),

με διεύθυνση: ΔΕΡΙΓΝΥ 22, Αθήνα .

έγγραφη **ΕΙΔΟΠΟΙΗΣΗ** για την επίδοση που έγινε και αναφέρεται στο πρώτο φύλλο

της παρούσης έκθεσης, την οποία παρέλαβε ο **ΥΠΑΛΛΗΛΟΣ ΑΥΤΟΥ κ. Κωνσταντίνος**

**Φράγκος,** με απόδειξη No. RE566523 704GR

ΑΘΗΝΑ, 15/05/2026

Ο ΤΑΧΥΔΡΟΜΙΚΟΣΥΠΑΛΛΗΛΟΣ                    Ο ΔΙΚΑΣΤΙΚΟΣ ΕΠΙΜΕΛΗΤΗΣ

ΚΩΝΣΤΑΝΤΙΝΟΣ ΦΡΑΓΚΟΣ

[Barcode]
8735466

760577

**HELLENIC REPUBLIC**
**MINISTRY OF JUSTICE**
**IOANNIS NTINOPOULOS & ASSOCIATES CIVIL PARTNERSHIP OF COURT BAILIFFS**
Civil Professional Partnership of Court Bailiffs of the Athens Court of Appeal
Tax ID No (AFM): 997781204 – Tax Office (KE.FO.D.E.) of Attica
Address: 136 Iosif Momferratou St. – P.C. 11475 – ATHENS – Tel.: 2103613250 – Email: info@ntinopoulos.gr

**A.** In accordance with: (a) Article 50 of Law 2318/1995, as amended by Law 4336/2015, and (b) Joint Ministerial Decision No 21798/11.3.2016 – Government Gazette B´709/16.3.2016, case (F): "Fees, upon reservation of Law 4270/2014 'Principles of fiscal management and supervision – Public Accounting' (A´143), as amended and in force, as well as of Legislative Decree 496/1974 (A´204) 'On the Accounting of Public Law Legal Entities', are collected in advance as to one half, and the amount of each act is stated on the first page of each report legibly and in a distinct box."
**B.** The present constitutes a tax record and no other document need be issued, in accordance with Circular (POL.) No 1023/20.1.2014 of the Ministry of Finance. Any amount stated in excess of the statutory fee per service zone constitutes a disciplinary and tax offence.

| SERVICE ZONE | STATUTORY FEE | VAT 24% | TOTAL |
|:---:|:---:|:---:|:---:|
| A | €35.00 | €8.40 | €43.40 |

Number: *1334 H*

## SERVICE REPORT

In *Athens*, today, on the *fourteenth (14th)* of *May* of the year two thousand twenty-six (2026), a *Thursday*, at *15:15* hours, I, the undersigned Court Bailiff at the Athens Court of Appeal, SPYROS PAN. VASSILOPOULOS, member of the Civil Partnership of Court Bailiffs under the name "IOANNIS DINOPOULOS & ASSOCIATES A.E.D.E.", with Tax ID No 997781204, having its seat in Athens, at 136 Iosif Momferratou Street, acting upon the written instruction of PANAGIOTIS ATHANASSOPOULOS, representative of the banking société anonyme under the name "PIRAEUS BANK S.A.", with Tax ID No 996763330, having its seat in Athens, at 4 Amerikis Street, and being legally represented,

came to serve upon the company under the name "KYLA SHIPPING & TRADING CORP", with Tax ID No 996998710, having its registered office in Liberia, 80 Broad Street, Montserrado, Liberia, City of Monrovia, and in fact at the address 348, Syngrou Avenue, Kallithea, Attica, with Tax ID No 996998710, being legally represented, acting for its own account as well as in its capacity as representative of the Liberian companies 1) Kalliship Co Ltd, 2) Panship Ltd, 3) Dayton Maritime Corp., 4) Greenship, 5) Redship Ltd, 6) Pinkship Ltd, 7) Prosperhip Ltd, for their knowledge and for all lawful consequences, the **Extrajudicial Reply, Protest, Invitation and Declaration dated 12-05-2026**, the content of which is as follows:

**Before every competent Court and Authority**

[Barcode]
8735466

760577

## EXTRAJUDICIAL REPLY, PROTEST, INVITATION AND DECLARATION

Of the banking société anonyme under the name "PIRAEUS BANK S.A.", having its seat in Athens, 4, Amerikis street, as legally represented, Tax ID No 996763330, Tax Office (KE.FO.D.E.) of Attica

### Against

The company under the name "KYLA SHIPPING & TRADING CORP.", having its registered office pursuant to its articles of incorporation in Liberia, 80 Broad Street, Montserrado, Liberia, City of Monrovia, and in fact at the address 348, Syngrou Avenue, Kallithea, Attica, where it has established an office pursuant to Law 89/67, as amended and in force, as legally represented, with Tax ID No 996998710, acting for its own account as well as in its capacity as representative of the Liberian companies (1) Kalliship Co Ltd, (2) Panship Ltd., (3) Dayton Maritime Corp., (4) Greenship Ltd., (5) Redship Ltd., (5) Pinkship Ltd. and (6) Prospership Ltd

---

We deny, as entirely false and at the same time as unfounded both in law and in substance, your letter dated 24.4.2026 (sent also on behalf of the Liberian companies Kalliship Co Ltd, Panship Ltd, Dayton Maritime Corp, Greenship Ltd, Redship Ltd, Pinkship Ltd and Prospership Ltd) addressed to the Shipping Finance Division of our Bank, which we regard as a means of improper transactional pressure, aimed at serving purposes which exceed the limits of sound transactional practice. In particular, by the letter in question you put forward unfounded allegations concerning a purported engagement, "without your knowledge", of third parties/brokers to search for potential buyers for the vessels m/v Kalliopi L, m/v Pantazis L and m/v Kyla Fortune (hereinafter the "Vessels"), as well as concerning an alleged breach of confidentiality and banking secrecy and the alleged causing of damage to your commercial reputation. However, in order to restore the truth and to avoid mistaken impressions on your part, we consider it necessary to set out the following.

You are very well aware of, yet deliberately conceal, the purpose and content of the discussion which took place on 3.4.2026, which was none other than the attempt to find a solution to the financial problems you are facing, in respect of which you have repeatedly sought the support of our Bank. We would remind you that we have repeatedly responded to your requests for a consensual solution, within the framework of your existing loan obligations and of the ongoing discussions regarding their extension/prolongation, having demonstrated more than ample understanding in the management of the credit relationship between us. Nevertheless, notwithstanding our aforementioned actions, it is necessary to stress that the entirety of your debts arising from the above loan obligations has become wholly overdue and payable, as follows:

  i) DAYTON MARITIME CORP LOAN (agreement dated 23/11/2016): $1,200,000 overdue since 24/02/2026, plus interest and default interest from 25/02/2026;

[Barcode]
8735466

760577

   ii) KALLISHIP CO LTD / PANSHIP LTD LOAN (agreement dated 27/09/2013): $21,183,764.99 overdue since 31/03/2026, plus interest and default interest from 1/04/2026;

   iii) PROSPERSHIP LTD / PINKSHIP LTD / GREENSHIP LTD / REDSHIP LTD LOAN (agreement dated 11/06/2010): $88,688,349.98 overdue since 31/03/2026, plus interest and default interest from 1/04/2026.

It is, therefore, beyond all reason for us to accept accusations of purported damage caused to you for the reasons set out in your letter, when we could readily and lawfully have proceeded to the termination of your loan agreements.

Our communication to you by way of our letter in reply to your email of 7 April 2026 was made in the same spirit of accommodation; by that letter we declared to you our intention to consider an extension of the loan facilities in respect of the Prospership loan, on terms to be discussed further and on the strict condition that the Bank and the Borrowers would coordinate the sale of the Vessels securing the relevant loan agreements, with a view to their repayment.

In this light, we are particularly surprised by the sending of the letter in question, which not only fails to reflect what was actually said at the above meeting but, on the contrary, constitutes an absolute distortion of reality.

Your allegations that we proceeded to an arbitrary "engagement" of brokers for the sale of the Vessels, in breach of contract, do not correspond to reality, since we never gave any instruction of engagement/authorisation to any broker with expanded powers enabling him, acting unilaterally, to proceed with the sale of the Vessels. We approached an external advisor/associate of the Bank (hereinafter the "Advisor") in order to support the sale process at a preliminary, exploratory stage.

The above communication falls within the framework of the discussions concerning coordination for the achievement of a solution, and does not constitute a "sale order" or an "engagement" on the part of the Bank in respect of assets belonging to you. We never claimed to be entitled to dispose of or sell the Vessels without your participation, will and actions, nor did we take any action creating such an impression.

Further, to the extent that you invoke that at the meeting of 03.04.2026 more specific terms were agreed (such as your prior approval for the selection of a broker and the handling of the process exclusively by a specific officer of yours), we point out to you that we do not accept that we breached any binding agreement, particularly where no corresponding specific written framework/mandate with clear terms as to confidentiality, authorisations, procedure and communication with the market has been drawn up and signed.

The Bank applies standing procedures for the protection of the confidentiality of the information of its customers and counterparties and has never proceeded to disclose to the market loan terms or other confidential elements of your agreements.

Moreover, we point out to you that the existence of rumours or of communications from third parties to you (such as market brokers) does not, in and of itself, establish a source

[Barcode]
8735466

760577

originating from the Bank, nor does it prove any breach of a confidentiality obligation on its part. Nevertheless, for the sake of full clarification, the Bank is prepared to examine specific incidents, on condition that you immediately furnish us with:

(a) the details of the persons/companies who contacted you,

(b) the dates/times of the communications,

(c) the exact content of their allegations (in particular, which "loan details" they are said to have known), and

(d) any relevant evidence (emails, messages, recordings, call notes).

In any event, if you believe that by resorting to such methods you will secure a favourable response from our Bank to your repeated requests for the settlement of your overdue loan obligations towards us, in the manner and on the terms you desire, we inform you that methods of this kind find no fertile ground in the transactional practice we follow.

We remind you, for the very last time, that it is our Bank which has, over a long period of time, tolerated the significant delay in the performance of your obligations, thereby demonstrating in practice good faith and transactional ethics, in contrast to you.

**Whereas** we accept none of your allegations of "devastating defamation", of a "shaking of your commercial reputation and credibility", of "irreparable financial damage" or of "moral harm" allegedly caused to you by our actions, while at the same time we deny and repel every accusation which you attribute to us in your above letter.

**Whereas** you have suffered no damage whatsoever as a result of any action of ours, nor are we burdened by any fault in relation to the shaking of your reputation and credibility, the causes of which you should seek elsewhere.

**Whereas** we never authorised, without your knowledge, any third party to dispose of your assets, contrary to what you falsely allege.

**Whereas** our relationship is not at a "negotiation stage", as you insinuate.

**Whereas** you maintain significant overdue debts towards our Bank, which it now appears you are unable to service.

**Whereas** it is our Bank which has suffered a particular blow to its reputation and its clientele as a result of the false content of your above letter.

**PROTESTING** against your above conduct,

**WE DECLARE** to you that we repel as entirely unfounded your above letter dated 26.4.2026, and

**WE INVITE** you, within three (3) business days of the service of the present upon you, to revoke it in its entirety. Failing which,

**WE DECLARE** to you that we expressly reserve every lawful right of ours in respect of every unfounded, defamatory or inaccurate accusation affecting our reputation and credibility

[Barcode]
8735466

760577

by reason of what you assert in your above letter, and we likewise reserve our right to discontinue any further effort to find a solution in respect of the loan obligations, exercising every lawful right of ours arising from the relevant loan agreements.

**WE NOTIFY** you that your communication with Piraeus Bank shall henceforth be conducted with the NPE Wholesale Portfolio Management Unit, with the following contact details:

**Panagiotis Athanasopoulos,**

**Head of NPE Wholesale Portfolio Management**

**Address: 31 Panepistimiou Street, Athens**

**Contact email: pathanasopoulos@piraeusbank.gr**

**Tel.: 210-3739929**

With the reservation of all our rights, a competent court bailiff is hereby instructed to serve the present lawfully upon:

1) The company under the name "KYLA SHIPPING & TRADING CORP.", having its registered office pursuant to its articles of incorporation in Liberia, 80 Broad Street, Montserrado, Liberia, City of Monrovia, and in fact at the address 348 Syngrou Avenue, Kallithea, Attica, where it has established an office pursuant to Law 89/67, as amended and in force, as legally represented, with Tax ID No 996998710, acting for its own account as well as in its capacity as representative of the Liberian companies (1) Kalliship Co Ltd, (2) Panship Ltd., (3) Dayton Maritime Corp., (4) Greenship Ltd., (5) Redship Ltd., (5) Pinkship Ltd. and (6) Prospership Ltd;

2) Ms FOTEINI NIKOLAKEA, attorney-at-law, resident of Athens, 22 Derigny Street, in her capacity as the contractually appointed process agent (antiklitos) of the above companies;

for their knowledge and for the lawful consequences, having first copied the present in its entirety into his service report.

**Athens, 12 May 2026**

Piraeus Bank S.A.

[signature]

Panagiotis Athanasopoulos

---

*[Continuation of the Service Report – handwritten entries in italics:]*

And since I did not find the legal representative of the above company at the *branch office* located at 348, Syngrou Avenue, nor any other member of its management, but only the employee authorised by it to receive documents, Mr. Nektarios Agamemnon, as he declared to me, I served the document in question upon him.

[Barcode]
8735466

760577

In witness whereof, the present report of mine was drawn up in two (2) identical originals in accordance with Article 140 of the Code of Civil Procedure, which, having been read and confirmed, is lawfully signed.

<table>
<tr><td align="center">**The Recipient**</td><td align="center">**The Court Bailiff**</td></tr>
<tr><td align="center">*[signature]*</td><td align="center">*[signature and official stamp]*</td></tr>
<tr><td align="center">*A. NEKTARIOS*</td><td></td></tr>
</table>

CERTIFIED TRANSLATION IN ENGLISH
OF THE ATTACHED DOCUMENT IN GREEK
PIRAEUS, 17 JULY 2026
THE TRANSLATING ATTORNEY AT LAW

ZOI M. GERANI
ATTORNEY - AT-LAW
Lawyers Bar of Piraeus
Greece (Reg. No. 4723)
138, Kalokatsou street, 185 35, Piraeus, Greece
Tel.: +30 210 4264 608
E-mail: zgerani@balractaris.com